**FILED**
CLERK OF COURT

2024 AUG -6 PM 4: 22

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AWENY,<br>DOB: 10/21/2006<br><br>Defendant. | Criminal Case No. **CF0014-23**<br>GPD Report No: 23-00397<br><br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR DE-CERTIFICATION AND TRANSFER TO FAMILY COURT** |

## I. INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 12, 2024 for hearing on Defendant Alex Aweny's Motion for De-Certification and Transfer to Family Court ("Motion"). Assistant Attorney General Winston Albright represents the People, and F. Randall Cunliffe, Esq. represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## II. BACKGROUND

On January 4, 2023, Defendant was arrested and charged with i) Attempted Burglary via Complicity (As a 2nd Degree Felony), and ii) Attempted Home Invasion via Complicity (As a 1st Degree Felony). Magistrate's Complaint (January 6, 2024). Defendant was **sixteen (16) years old** at the time of the incident and **seventeen (17) years old** at the time of this Motion.

On January 22, 2024, Defendant filed his Motion for De-Certification and Transfer to Family Court. Defendant argued for his transfer to Family Court given his age, lack of criminal history, circumstances surrounding the offense, advantages of the juvenile justice system, and likelihood of rehabilitation. Motion at 4-5.

## III. DISCUSSION

"A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree, along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity." 19 G.C.A. § 5106(a).

On motion of either party, "the complaint or indictment may be transferred to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs through the facilities of the juvenile court based on an evaluation of the following:

(1) the age of the minor;

(2) the history of the minor, including;

(A) any previous delinquent or criminal history of the minor;

(B) any previous abuse or neglect history of the minor; and

Decision and Order- Denying Defendant's Motion For De-Certification and Transfer to Family Court
Case No. CF0014-23 Aweny
Page 2 of 7

(C) any mental health, physical, or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including;

(A) the seriousness of the offense;

(B) whether the minor is charged through accountability;

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(4) the advantages of treatment within the juvenile justice system, including; whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

19 G.C.A. § 5106(d)(1)-(8) (emphasis added).

Defendant is automatically charged as an adult because he was sixteen at the time of the 1st and 2nd Degree Felony charges. *See* 19 G.C.A. § 5106(a). Based on Defendant's Motion, the Court must now balance the above factors to see if, by clear and convincing evidence, the Defendant's interests would be best managed through the Family Court. *See* 19 G.C.A. § 5106(d).

## I.    Age of the Minor

Defendant was **sixteen (16) years old** at the time of the criminal offense, and is currently **seventeen (17) years old**. Defendant argues the broad array of rehabilitative services available through DYA (counseling services through Guam Behavioral Health Wellness Center ("GBHWC") and Client Services & Family Counseling ("CSFC"), and a proper scholastic rehabilitative environment) would be of immense benefit to him. Motion at 4. Admittedly, Defendant is nearing adulthood. While his susceptibility to influence is much less than that of a young teenager or child, his age at the time of the offense weighs in favor of transfer to Family Court.

## II.    History of the Minor

The minor is of Chuukese descent, but was born and raised on Guam. Defendant attends George Washington High School and is in the 10th grade. He does have a prior juvenile record, including the following charges:

>    2021: Recklessly Cause/Attempt to Cause Bodily Injury (As a Misdemeanor)
>        Assault on a Peace Officer (As a 3rd Degree Felony)
>    2022: Possession and Consumption of Alcohol Under Age (As a Petty Misdemeanor)

Based on an appearance of indifference to behavioral consequences, the Defendant's criminal history weighs against transfer to Family Court.

## III.    Circumstances of the Offense

Defendant is charged with a first and second degree felony, each of which are serious offenses triggering automatic certification to be charged as an adult. Magistrate's Complaint (January 6, 2024). However, there is little evidence that Defendant acted in an aggressive or

Decision and Order- Denying Defendant's Motion For De-Certification and Transfer to Family Court
Case No. CF0014-23 Aweny
Page 4 of 7

premeditated way (19 GCA § 5106(d)(4)(C)), or that Defendant caused serious bodily harm (19 GCA § 5106(d)(4)(E)). Defendant is accused of trying to hold a screen door open while two co-defendant's attempted to enter an apartment. The case did not involve the use of a deadly weapon and ultimately nobody was harmed physically. Based on the alleged facts of the charge, the circumstances of the case weigh in favor of transfer to Family Court.

## IV.     Advantages of the Juvenile Justice System

Defendant claims that Family Court would be able to better address his educational needs because DYA is more akin to a proper scholastic environment than a correctional facility. Motion at 4. Defendant continues to attend school, and transfer to the Department of Corrections would limit Defendant from furthering his education. *Id.* Defendant also argues that they will benefit from court-ordered counseling through Guam Behavioral Health Wellness Center ("GBHWC") and Client Services & Family Counseling ("CSFC"). This factor weighs in favor of remanding the case to Family Court.

## V.     Security of the Public

Defendant is charged with first and second degree felonies via complicity, stemming from participation with the Co-Defendants in an attempted violent encounter over a personal feud. The conduct did not involve the public at large, and the public's security is not greatly impacted by the Defendant's case being remanded to Family Court. The security of the public would not benefit from the increased monitoring and surveillance through the Department of Corrections.

## VI.     Minor's History of Services and Willingness to Participate in Services

Defendant expressed his eagerness to continue with any and all services available through DYA and Family Court.  Id. at 5.  However, Defendant acquired the following violations:

**1st Violation:** On March 29th and April 11th, 2023, Probation services filed a violation for failure to obey house arrest conditions.  Probation contacted Tiyan High School officials who stated that Defendant was not in school on either day.  Probation then went to Defendant's home and spoke with Defendant's mother, who stated that Defendant was not home, having left the house after the two had had an argument.

**2nd Violation**: On January 8, 2024, Probation services filed a violation for failure to report once a week, by phone, to the Probation Office.  Probation contacted Tiyan High School officials who stated that Defendant was in attendance but could not locate him.

There are mitigating factors involving these two violations, as Defendant had 1) left his home after having an emotional fight with a parental figure, and 2) was in attendance at school despite faculty being unable to locate him.  Defendant's overall history does not show a trend of failing to utilize services through DYA or Family Court.  Id.

## VII.     Reasonable Likelihood of Rehabilitation

It is likely that Defendant can be rehabilitated before the expiration of the Family Court's jurisdiction, despite Defendant's juvenile criminal history.

## VIII.   Adequacy of the Punishment

Defendant is charged with two serious felonies.  However, he did not personally use the deadly weapon that was involved in the commission of the crime, nor was anybody physically harmed as a result of the encounter.  In this instance, the use of the Department of Corrections to provide punishment would be inadvisable.

In balancing the above factors, "the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed." 19 G.C.A. § 5106. Despite the seriousness of the charges, after evaluating the particular circumstances surrounding the charges, Defendant's age, and Defendant's willingness to utilize DYA and counseling services, the Court finds it clear and convincing that Defendant's interests would be best managed through the Family Court.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The transfer is granted and the case will be remanded to the juvenile court system.

**IT IS SO ORDERED** AUG 0 6 2024 , *nunc pro tunc* March 12, 2024.

**HONORABLE ALBERTO E. TOLENTINO**

**Judge, Superior Court of Guam**


**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Atty.
Clifford C. Cook
8/6/24 4:24 p

Deputy Clerk, Superior Court of Guam

Decision and Order- Denying Defendant's Motion For De-Certification and Transfer to Family Court
Case No. CF0014-23 Aweny
Page 7 of 7